**40 Wall Street**
**New York, New York 10005**

---

This request is GRANTED.  Plaintiffs' Motion for Summary Judgment is due on **August 8, 2024**. Defendant's Opposition is due on **September 10, 2024**. Plaintiffs' Reply is due on **October 1, 2024.**

Furthermore, no Rule 56.1 statement needs to be submitted.

SO ORDERED.

*Jennifer E. Willis*

Jennifer E. Willis
United States Magistrate Judge

June 14, 2024

**VIA ECF**

Hon. Jennifer E. Willis
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *J.M. et. al. v. New York City Department of Education*
       1:23-cv-10002 (MMG)(JEW)

Dear Judge Willis:

Please be advised that this firm represents the Plaintiffs in the above action. Plaintiffs brought this action seeking attorneys' fees, costs and expenses pursuant to the fee shifting provision of the Individual with Disabilities Education Act, 20 U.S.C. §1400, et. seq. wherein Plaintiffs were successful in the underlying trials, as well as for this action.

Plaintiffs respectfully submit this letter motion requesting an extension of time to submit their Motion for Summary Judgment currently due on June 17, 2024 per the Court's March 22, 2024 Endorsed Memo (Dkt. No. 12).  Defendant served Plaintiff with a written offer of settlement, which remains under Plaintiff's review.

This is Plaintiffs' first request for an extension of time to submit their Motion for Summary Judgment and Defendant consents to this request.

Plaintiffs propose the following amended briefing schedule:

- Plaintiffs' Motion for Summary Judgment due on August 8, 2024
- Defendant's Opposistion due on September 10, 2024
- Plaintiffs' Reply due on October 1, 2024

In addition, the parties jointly submit this letter requesting that the Court waive the requirement of filing a Statement of Material Facts Pursuant to Local Rule 56.1. In our experience, summary judgment motions under the IDEA can be litigated effectively without Rule 56.1 statements.

In IDEA cases, courts have not used Rule 56.1 in the traditional sense to winnow facts for trial; rather, it is a convenient vehicle for presenting each party's legal position. The administrative record is uncontested. Indeed, some courts style these motions as "judgments on the administrative record," rather than motions for summary judgment. The parties agree that we can brief this matter with memoranda of law that cite attorney declarations, removing the added layer of 56.1 statements

(along with line by line responses and counter statements), significantly reducing attorney's fees without causing any confusion for the Court.

    Accordingly, the parties propose (1) request the Court approve the proposed amended briefing schedule and (2) request the Court waive the requirement for a Rule 56.1 statement should this matter proceed to motion practice.

    I thank you in advance for the Court's consideration of this request.

                                                Respectfully submitted,

                                                s/_____
                                                Irina Roller
                                                *Attorneys for the Plaintiff*

cc:      All counsel for Defendant via ECF