UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
J.M. individually and on behalf of his child L.M., a minor,

                              Plaintiffs,

  -against -

                                                                            23-cv-10002 (MMG)(JW)

NEW YORK CITY DEPARTMENT OF EDUCATION,

                              Defendant.
_____x

**REPLY IN FURTHER SUPPORT OF**
**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

**REPLY MEMORANDUM IN FURTHER SUPPORT OF**
**PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

J.M. (Parent), father of L.M. had no choice but to retain an attorney to obtain an appropriate education for his child. He filed Due Process Complaints (DPCs) and each time, Defendant insisted on proceeding to a hearing and lost. There is no dispute that Plaintiffs met the statutory requirements for a fee award under 20 U.S.C. § 1415(i)(3)(B).

Failing to heed the Supreme Court's admonishment that "[a] request for attorney's fees should not result in a second major litigation." *Hensley v. Eckerhart,* 461 U.S. 424, 437(1983). Defendant could have resolved these two cases without paying a penny in attorney's fees by agreeing to fund appropriate programs for Plaintiffs' child before the DPCs were filed.

Rather than write an extensive reply to address Defendant's arguments that Courts have rejected as meritless or even frivolous, Plaintiffs will address those Defendant's arguments that are especially meritless.

**ARGUMENT**

**I.     Roller Law Provided Contemporaneous Billing Records.  Defendant has no basis for claiming otherwise.**

Defendant argues that it was prejudiced by the filing date of Roller Law's filing and implies that the firm does not keep contemporaneous billing. Defendant's Memorandum of Law in Opposition (ECF 26) (MOL) at 6-7.  *Firs*t, it offers no explanation for its claim that Roller Law's *timely* action caused it prejudice, especially where it has been in possession of the funds during this period. *Second*, Irina Roller declared, under penalty of perjury: "I maintain my time entries electronically and entries are made contemporaneously. The itemizations corresponding to my name in Exhibits 1, 2 and 3 are an accurate description of my time entries in the two underlying cases and this federal action that comprise this matter." Roller Decl. (ECF 19) at ¶ 86. Judge Subramanian recently rejected the Defendant's claim that Roller Law's time was not kept contemporaneously. *E.L. v. N.Y.C. Dep't of*

1

*Educ.*, 2024 U.S. Dist. LEXIS 149374, *4 (Aug. 21, 2024) (Subramanian, J.) ("Absent countervailing evidence, the Court finds that the detailed nature of the records… and the declaration support a finding that these records were made contemporaneously."). As in *E.L.*, Defendant cites nothing to challenge Ms. Roller's declaration. The Court should reject this meritless argument.

## II.  Roller Law's requested hourly rates are reasonable.

Defendant cites cases from other firms and rehashes its personal, disparaging arguments against Roller Law to argue that the Court should award very low hourly rates. MOL at 8-16. In attaching other firms' billing (Exhibits to the Declaration of Martha Nimmer (ECF 29, ECF 29-1, ECF 29-2 and ECF 29-3). Defendant's redacted case numbers and the names of the law firms even though those were cases presumably filed with this Court. Further Defendant's provided incomplete billing records from the other firm in unrelated cases and offered no context for the Court's consideration, or for Plaintiff's Reply herein. Ms. Roller's request for Defendant's unredacted copies of ECF 29-1, ECF 29-2 and ECF 29-3, however Defendant did not provide them. See Ex. 34, Email from Irina Roller to Defendant dated September 11, 2024.

Further, Roller Law has responded to these arguments repeatedly. The rates requested here are reasonable. In fact, in the past several months, in similar cases, Judge Hellerstein awarded Ms. Roller her requested rate of $550.00 per hour and Judge Subramanian awarded Ms. Roller $500.00 per hour. *See J.H. v. N.Y.C. Dep't of Educ.*, 2024 U.S. Dist. LEXIS 91161, *4-5 (May 21, 2024) (Hellerstein, J.) ("I have carefully reviewed the factors set out in *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974), and I find that they are substantially satisfied. I find that the rates of the lawyers, $325.00 to $550.00, and of the paralegals, $125.00 to $200.00, are reasonably in line with market rates of those practicing in the area, giving regard to the special skill of Plaintiff's lawyers."); *E.L.*, 2024 U.S. Dist. LEXIS 149374, *9 ("[A]ll things considered, the Court finds an hourly rate of $500.00 more appropriate for the two most senior attorneys."). Judge

2

Hellerstein expressly found Roller Law staff "are skilled in this specialized field." *J.H.,* 2024 U.S. Dist. LEXIS 91161, at *4. Judge Subramanian wrote: "The Court recognizes the deep expertise and experience of the lawyers and paralegals involved in this litigation, as well as their success in the underlying dispute." *E.L.*, 2024 U.S. Dist. LEXIS 149374, *7. Thus, if the Court chooses to take judicial notice of recent case law involving Roller Law, as the Defendant asks it to do, MOL at 6, Roller Law respectfully requests that it consider Judges Hellerstein and Subramanian's very recent decisions.

### III. Defendant, continually misrepresents Your Honor's findings in *C.O. v. Department of Education*. Roller Law is not "Double Dipping."

Defendant has argued repeatedly over the last year that Roller Law "double dips" in seeking fees, blatantly misrepresenting Your Honor's findings in the *C.O.* matter. Contrary to the claim that, in *C.O.*, "Your Honor found that LOIR had filed the federal complaint in that IDEA fees-only case without authority from the client," MOL at 14-15, Your Honor stated on the record that Roller Law acted honestly and in its client's best interests:

> It is clear to me that the law firm of Irina Roller believed that they had the authority to initiate this complaint, believed that they have the authority to seek this reimbursement and believed that their fees were of such a level that this sort of compromise in settlement that was eventually reached was a fair and appropriate one that respected the rights of their clients and them as well.

*C.O. v. D.O.E.*, No. 22-cv-4507, Hearing Transcript (Oct. 27, 2023) at 2:5-13 (attached as Ex. 30). Your Honor also found Roller Law's former client non-credible. *Id*. at 4:3-6. As Your Honor likely recalls, *C.O.* was a highly unusual case in which the client was acting against his own best interests, and Your Honor grant the relief he sought quite reluctantly.

Despite Roller Law continually explaining to many Defendant's attorneys – some of whom had direct involvement in the case – that they have misrepresented the facts in *C.O.*, they have never offered a correction to any court and continue to make their misstatements. There was never an excuse for this dishonesty and, given that Roller Law has repeatedly called out the Defendant on its conduct,

3

there is less of an excuse here. The same attorney who appeared before Your Honor last October in *C.O.* is the first author of the Defendant's memorandum of law here. While this conduct is unprofessional at any time, in any court, to engage in it before Your Honor is somewhat astounding. Plaintiffs respectfully asks the Court admonish Defendant to retract its false accusations and stop its unprofessional conduct.

In any event, every court has rightly rejected the Defendant's "double dipping" attack. *See, e.g., J.H.,* 2024 U.S. Dist. LEXIS 91161, *5 ("Defendant's argument to deduct the $31,000.00 of retainers Plaintiff paid to counsel is meritless. Plaintiff paid these retainers and, as a successful litigant, is entitled to reimbursement. Plaintiff's recovery is not 'double dipping,' as Defendant argues."). *E.L.*, 2024 U.S. Dist. LEXIS 149374, *11 ("Defendants argue that the Court should subtract from the total award the amount of any retainer fee paid by the client in this case. But they cite no authority for doing so, nor does the Court think that doing so would be consistent with the statutory text, which authorizes the Court to make an award of "reasonable attorneys' fees" to the prevailing party. 20 U.S.C. § 1415(i)(3)(B)(i). It would make little sense, in determining what amount of attorneys' fees is reasonable to award, to subtract the amount the prevailing party has already paid."). Ms. Roller's policy is to return excess fees to clients as provided by her retainers. This was never a good faith argument and other courts have rightly dismissed it. Unless the Court requests additional briefing, Plaintiffs will not waste time and resources responding to it further.

**IV.     The *Johnson* factors support the rates Roller Law has requested**.

As explained in Plaintiffs' opening brief, the *Johnson* factors support the rates Roller Law has requested. Pl. MOL (ECF 18) at 20-21. Plaintiffs will not repeat that analysis here. However, they note that in *J.H.*, Judge Hellerstein found Defendant's argument that the Due Process hearings were "basic" and warranted lower hourly rates to be "frivolous." *J.H.*, 2024 U.S. Dist. LEXIS 91161, *3 ("Defendant's current position, that Plaintiff did not have to prepare so carefully for each hearing, is

4

frivolous.").

Irina Roller and her staff have exceptional reputations for tenacious litigation and delivering excellent results for their clients, as evidenced by the declarations from multiple clients as well as experienced special education attorneys. Defendant knows Ms. Roller has won hundreds of cases against it during her many years of practice. The experience, reputation, and ability of the lawyers (Johnson Factor 9) and awards in similar cases (Johnson Factor 12) support the requested fees.

### V. IDEA's Fee Cap Does Not Apply to this case

Defendant's proposed Fee Cap relies on arguments that were rejected by Judge Hellerstein. Defendant points to eighteen irrelevant cases for the Cuddy Law firm (CLF), not Roller Law, in which courts applied the fee cap. Courts in this district have often found that the fee cap does not apply.[1]

### VI. Revised Billing for Federal Action

**Federal Action for Roller Law through October 1, 2024**

| Attorney/Paralegal | Hours | Rate | Total |
|---|---|---|---|
| Bhoge, Gaitree | 23.1 | $200.00 | $4,620.00 |
| Hinerfeld, Benjamin | 3.5 | $550.00 | $1,925.00 |
| Roller, Irina | 28.2 | $550.00 | $15,510.00 |
| Subtotal | | | $22,055.00 |
| Expenses | | | $402.00 |
| **TOTAL** | | | **$22,457.00** |

---

[1] *See, e.g. R.M. v. N.Y.C. DOE,* 21-CV-112110 (PGG)(VF), 2024 U.S. Dist. LEXIS 21652, at *38 (S.D.N.Y. Feb. 14. 2024 (award of $54, 183.53 was greater than offer of $52,200; *S.W. v. N.Y.C. DOE,* 2023 U.S. Dist. LEXIS 158642 (S.D.N.Y. Sept. 7, 2023) (DOE offered $53,800 when "Plaintiff legitimately sought $59,379.55"); *S.K. v. N.Y. City DOE,* 2023 U.S. Dist. LEXIS 40893, at 30, n.13 ($99,977.50 award for administrative action of  was greater than DOE's offer of $90,000); *N.L. v. NYC DOE*, S.D.N.Y., 21-cv-11215-LGS-SN, 2023 U.S. Dist. LEXIS 43903, at *20-21 (S.D.N.Y. Mar. 15, 2023) ($38,359.67 exceeded settlement offer of $36,500); *Y.S. v. NYC DOE*, S.D.N.Y. 21-cv-711-MKV, 2022 WL 3572935 *11, fn. 5 (Aug. 19, 2022) (DOE offered $145,000.00; Court awarded $177,694.90 in fees and costs); *K.O. v. NYC DOE*, S.D.N.Y. 20-cv-10277-LJL, 2022 WL 1689760, at *28n.5  (May 26, 2022) (court awarded more than DOE offer of $145,000); Judge Liman recently found that a plaintiff was substantially justified in rejecting the fee offer. *N.G.B. v. N.Y. C. DOE,* 2023 U.S. Dist. LEXIS 55632 (S.D.N.Y. Mar. 30, 2023).

5

**TOTAL**

|  | Hours | Fee |
|---|---|---|
| DPC1 | 97.1 | $40,625.50 |
| DPC2 | 69.1 | $28,969.00 |
| Federal Action | 54.8 | $22,457.00 |
| **TOTAL** | **221** | **$92,051.50** |

**CONCLUSION**

WHEREFORE, for the reasons stated in their memoranda, Plaintiffs respectfully request that this Court award them **$92,051.50** in attorneys' fees and costs. This Court should send Defendant a message that making frivolous arguments, such as those here that the fee claim was not authorized by the client and that the fees that the parent has already paid should be deducted from the fees to be paid in the Defendant, will result in a higher award of attorneys' fees.

Dated: October 1, 2024
     New York, NY

By: /s/
Irina Roller
LAW OFFICES OF IRINA ROLLER, PLLC
Attorneys for Plaintiffs
40 Wall Street – 28th Floor
New York, NY 10005
(212) 688-1100

6