UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
J.M., Individually and on Behalf of L.M., a Minor,

                                        Plaintiffs,                  **ORDER**

                  -against-                                23-CV-10002 (MMG) (JW)

NEW YORK CITY DEPARTMENT OF
EDUCATION,

                                        Defendant.
------------------------------------------------------------------X

**JENNIFER E. WILLIS, United States Magistrate Judge:**

Before the Court is Plaintiffs' motion for Plaintiffs' counsel's attorneys' fees and costs. Dkt. No. 17. Plaintiff's counsel, Irina Roller of the Law Offices of Irina Roller, PLLC, submitted a motion for reasonable attorneys' fees and costs, totaling $92,051.50. Dkt. Nos. 17, 19. The fees and costs sought were incurred after Plaintiffs litigated two due process actions against the Defendant, New York City Department of Education ("DOE"), pursuant to the Individuals with Disabilities Education Improvement Act ("IDEA"). Dkt. No. 19, Ex. 8, 18. Defendant opposes Plaintiff's counsel's request for an award in part, arguing that Plaintiff's counsel is entitled to a significantly lower sum as Plaintiff's counsel's requested hourly rates are unreasonable and their number of hours billed is excessive. Dkt. No. 26.

1

**LEGAL STANDARDS**

In any action brought under the IDEA, the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is a parent of a child with disability. 20 U.S.C. § 1415(i)(3)(B)(i)(I).

**DISCUSSION**

**I.      "[P]revailing [p]arty"**

A plaintiff prevails when actual relief on the merits of their claim "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." K.L. v. Warwick Valley Cent. Sch. Dist., 584 F. App'x 17, 17–18 (2d Cir. 2014). It is uncontested by the parties that the Plaintiffs are a "prevailing party." Hearing officers in two due process hearings found for the Plaintiffs. Dkt. No. 19, Ex. 8, 18. The Plaintiffs are the "prevailing party," fulfilling a necessary condition to obtaining reasonable attorneys' fees under 20 U.S.C. § 1415(i)(3)(B)(i)(I).

**II.     "[R]easonable attorneys' fee."**

The determination of those fees shall be based on rates prevailing in the community in which the action arose for the kind and quality of services furnished. 20 U.S.C. § 1415(i)(3)(C). To calculate attorneys' fees, courts apply the "lodestar" method, where an attorney fee award is derived by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. A.R. ex rel. R.V. v. New York City Dep't of Educ., 407 F.3d 65, 79 (2d Cir. 2005).

2

### A. "Reasonable Hourly Rate"

To determine whether an hourly rate is reasonable, courts consider both the "rates prevailing in the community in which the action arose for the kind and quality of services furnished," and Johnson's twelve-factor test. 20 U.S.C. § 1415(i)(3)(C); H.C. v. New York City Dep't of Educ., 71 F.4th 120, 126 (2d Cir.), cert. denied, 144 S. Ct. 490, 217 L. Ed. 2d 257 (2023); (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974)). The factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

J.G. v. New York City Dep't of Educ., 719 F. Supp. 3d 293, 301 (S.D.N.Y. 2024).

Plaintiff's counsel is requesting the following attorney rates: $500 for Jill Hornig, $325.00 for Edward C. Perkins, and $550.00 for Irina Roller. Dkt. No. 18.

3

DOE requests the following attorney rates: $325.00 for Jill Hornig, $200.00 for Edward C. Perkins, and $375.00 for Irina Roller. Dkt. No. 18, at 23-24.

Plaintiff's counsel is requesting the following rates for their paralegals: $200.00 for Gaitree Bhoge, $150.00 for Dionna Goldstein, $185.00 for Dianne Ho, $200.00 for Maria Mandilas, and $200.00 for Nancy L. Powell. Dkt. No. 18. The DOE requests the following rates: $100.00 for Gaitree Bhoge, $100.00 for Dionna Goldstein, $100.00 for Dianne Ho, $100.00 for Maria Mandilas, and $180.00 for Nancy L. Powell. Dkt. No. 18, at 23-24.

To support the requested rates, Plaintiff's counsel makes several arguments. First, Plaintiff's counsel discusses the significant experience of the attorneys and paralegals in the specialized field of law that is special education law. For the attorneys, Roller and Hornig each have nearly two decades of experience in special education litigation, and Perkins has eight years of the same experience. Dkt. 18, at 13. For the paralegals, Bhoge and Mandilas have approximately 20 years of experience. Dkt. 18, at 13. Goldstein, Ho, and Powell, have several years of experience, ranging from three to five years. Dkt. No. 2618 at 13-15.

Second, Plaintiff's counsel supplied the Court with several declarations. Two are from clients who hired Plaintiff's counsel for similar services and paid similar rates. See Decl. of Alexander Gendzier, dated August 5, 2024; Decl. of Yesenia Ortiz-Umar, dated August 6, 2024. Other declarations are from practitioners of special education law who have personal knowledge of the prevailing market rates

4

in the New York City metropolitan area, writing that the requested rates are consistent with those market rates. See Decl. of Gary S. Mayerson, Esq., dated August 6, 2024; Decl. of Adrienne J. Arkontaky, dated August 8, 2024; Decl. of Jesse Cole Cutler, dated August 8, 2024.

Third, Plaintiff's Counsel provides the Court with a decision authored by Judge Hellerstein who recently awarded Plaintiff's counsel's requested fees. J.H. v. New York City Dep't of Educ., No. 23 CIV. 4753 (AKH), 2024 WL 2330462 (S.D.N.Y. May 21, 2024). Fourth, Plaintiff's Counsel also argues that the requested rates are consistent with the Johnson factors, as Plaintiff's counsel "attained complete success on the merits," have "decades of experience… [with] outstanding reputation with clients and among their peers," and are "highly specialized" in "IDEA practice." Dkt. No. 18, at 16-22.

To support the reduced rates, DOE makes numerous arguments. First, DOE argues that Plaintiff's counsel is not entitled to 2024 rates because the underlying due process actions occurred in 2021. Dkt. No. 26, at 9. DOE cites as evidence several decisions from the Southern District of New York in which a rate of $375 dollars an hour was awarded to similarly experienced attorneys as Roller. Id. (citing M.R. v. NYCDOE, 21-cv-5503 (VEC)(SN) (S.D.N.Y. Oct. 31, 2022); J.A. v. NYCDOE, 22-cv-9454 (VEC)(GWG) (S.D.N.Y. November 3, 2023); F.R. v. NYCDOE, 22-cv-1776 (VEC)(GWG) (S.D.N.Y. September 13, 2023)). Second, Plaintiff's counsel's rates exceed the "rates prevailing in the community." Dkt. No. 26, at 9. Third, DOE

5

argues that the Johnson factors support their requested rates because the due process actions were not complex, did not preclude Plaintiff's counsel from taking other cases, and paying clients do not pay the amounts that are billed to the DOE. Dkt. No. 26, at 8-13.

The Court has considered "rates prevailing in the community in which the action arose for the kind and quality of services furnished" as well as all Johnson factors in its analysis. 20 U.S.C. § 1415(i)(3)(C). A court need not recite and make separate findings as to all twelve Johnson factors, if the court takes each into account in setting the attorneys' fee award. J.G., 719 F. Supp. 3d at 301. citing E.F. ex rel. N.R. v. N.Y.C. Dep't of Educ., No. 11 Civ. 5243 (GBD) (FM), 2014 WL 1092847, at *3 (S.D.N.Y. Mar. 17, 2014)). Here, the Court finds that the rates requested by Plaintiff's counsel are reasonably in line with market rates as required by 20 U.S.C. § 1415(i)(3)(B)(i)(I) and satisfies the Johnson factors. A component of a reasonable hourly rate is that the rate is one a paying client would be willing to pay. H.C., 71 F.4th at 126. Plaintiff's counsel submitted two declarations from clients who hired them for similar services and paid similar rates. See Decl. of Alexander Gendzier, dated August 5, 2024; Decl. of Yesenia Ortiz-Umar, dated August 6, 2024. A court, awarding attorney fees under a fee-shifting statute, will consider the prevailing rates in the district in which the court sits. A.R. ex rel. R.V., 407 F.3d at 79. Plaintiff's counsel provided cases from this court granting the requested rates for work done during the same timeframe and submitted declarations from

6

practitioners of special education law who have personal knowledge of the prevailing market rates in the New York City metropolitan area, writing that the requested rates are consistent with those market rates. See Decl. of Gary S. Mayerson, Esq., dated August 6, 2024; Decl. of Adrienne J. Arkontaky, dated August 8, 2024; Decl. of Jesse Cole Cutler, dated August 8, 2024. See also J.H.., 2024 WL 2330462, at *2 (Holding that attorney rates of $325 to $550 and paralegal rates of $125 to $200 were reasonable in the district.); Y. G. v. New York City Dep't of Educ., No. 21 CIV. 641 (AKH), 2022 WL 1046465, at *2 (S.D.N.Y. Apr. 7, 2022), appeal withdrawn, No. 22-1187, 2023 WL 8173673 (2d Cir. Aug. 21, 2023) (Holding that attorney rates of $375 to $550 and paralegal rates of $225 were reasonable in the district.). This finding is made with consideration of Plaintiff's counsel's highly specialized skills necessary for IDEA proceedings, their significant experience, and inflation. Dkt. No. 18, at 13-15.

### B. "Number of Hours Reasonably Expended"

Once a reasonable rate of pay has been calculated, it is multiplied by a reasonable number of hours expended to determine the award amount. J.G., 719 F. Supp. 3d at 301. To determine the number of hours reasonably expended, a court may disregard hours that are "excessive, redundant, or otherwise unnecessary." H.C., 71 F.4th at 126 (quoting Raja v. Burns, 43 F.4th 80, 87 (2d Cir. 2022)).

7

Plaintiff's Counsel requests fees for work done on two due process actions and the instant federal case that totaled nearly 221 hours. Dkt. No. 18, at 27-28; Dkt. No. 32, at 5. The breakdown of the hours is listed below.

**First Due Process Action – Case Number 185133**

| Attorney/Paralegal | Hours | Rate | Total |
|---|---|---|---|
| Dionna Goldstein (Paralegal) | 2.3 | $150.00 | $345.00 |
| Dianne Ho (Paralegal) | 4.1 | $185.00 | $758.50 |
| Jill Hornig (Attorney) | 13.9 | $500.00 | $6,950.00 |
| Maria Mandilas (Paralegal) | 7.1 | $200.00 | $1,420.00 |
| Edward C. Perkins (Attorney) | 23.3 | $325.00 | $7,572.50 |
| Nancy L. Powell (Paralegal) | 6.9 | $200.00 | 1,380.00 |
| Irina Roller (Attorney) | 40.2 | $550.00 | $22,110.00 |
| **TOTAL** | **97.8** | | **$40,625.50** |

**Second Due Process Action – Case Number 196308**

| Attorney/Paralegal | Hours | Rate | Total |
|---|---|---|---|
| Gaitree Bhoge (Paralegal) | 2.6 | $200.00 | $520.00 |
| Anna Castro (Paralegal) | 7.5 | $125.00 | $937.00 |
| Dianne Ho (Paralegal) | 0.9 | $185.00 | $166.50 |
| Jill Hornig (Attorney) | 15 | $500.00 | $7,500.00 |
| Maria Mandilas (Paralegal) | 6.8 | $200.00 | $120.00 |
| Nancy L. Powell (Paralegal) | 0.6 | $200.00 | $120.00 |
| Irina Roller (Attorney) | 23 | $550.00 | $12,650.00 |
| **TOTAL** | **69.1** | | **$28,969.00** |

**Federal Action through August 7, 2024**

| Attorney/Paralegal | Hours | Rate | Total |
|---|---|---|---|
| Gaitree Bhoge (Paralegal) | 23.1 | $200.00 | $4,620.00 |
| Irina Roller (Attorney) | 28.2 | $550.00 | $15,510.00 |
| Hinerfeld, Benjamin (Attorney) | 3.5 | $550.00 | $1,925.00 |
| **TOTAL** | **33.0** | | **$22,055.00** |

**The Total of all Three Actions through August 7, 2024**

| Attorney/Paralegal | Hours | Total |
|---|---|---|
| First Due Process Action | 97.8 | $40,625.50 |
| Second Due Process Action | 69.1 | $28,969.00 |
| Federal Action | 54.8 | $22,457.00 |
| **TOTAL** | **221** | **$92,051.50** |

Dkt. No. 18, at 23-24; Dkt. No. 32, at 5. Plaintiff's counsel requests a total of $92,051.50. To support their request, Plaintiff's counsel argues that the hours listed are reasonable and justified as they litigated these matters efficiently. Dkt. No. 18, at 22. They also provide a case with similar hours. See M.C. ex rel. E.C. v. Dep't of Educ., 2013 U.S. Dist. LEXIS 78605 (S.D.N.Y. June 4, 2013).

DOE argues that Plaintiff's counsel's records reflect excessive billing and requests the aggregate total be $34,932.10 for solely the work performed on the two due process actions, or in the alternative, $35,502.10 including the instant federal case. Dkt. No. 26, at 2. To support this request, DOE makes several arguments. First, when it comes to the instant federal case, DOE argues that Plaintiff's counsel wrote a gratuitously long complaint, excessively billed for their "copy-and-paste" memorandum of law and declarations, and made an unnecessarily large number of 0.1 billing entries. Dkt. No. 26, at 18, 20-21. An example given is the 0.1 billing entries for receiving and saving of ECF notifications, which DOE describes as "grossly excessive," given how long these tasks take. Dkt. No. 26, at 17-18. Second, when it came to the administration proceedings, DOE argues that a 20% and 30%

9

reduction to the first and second proceedings as they were "minimally" contested or were "uncontested." Dkt. No. 26, at 23. Third, DOE argues that, pursuant to 20 U.S.C. § 1415(i)(3)(D)(i)(III)[1], their written offer of $37,500.00 on March 12, 2024 should limit Plaintiff's counsel's recovery to the date of the offer. Dkt. No. 26, at 7. DOE believes their offer was "over-generous" but was rejected by Plaintiff's counsel to "burden this Court with needless motion practice." Dkt. No. 26, at 7.

A court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application. McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund, 450 F.3d 91, 96 (2d Cir. 2006). Courts should not be "green-eyeshade accountants," as the goal is to do "rough justice" when considering these motions, not "achieve auditing perfection." Fox v. Vice, 563 U.S. 826, 838, 131 S. Ct. 2205, 2216, 180 L. Ed. 2d 45 (2011). Therefore, courts "may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." Id. The Court finds that the fee cap of 20 U.S.C. § 1415(i)(3)(D)(i)(III) is inapplicable in the instant case given the relief Plaintiffs obtained was more favorable than the DOE's settlement offer. However, for the following reasons, the Court also finds that Plaintiff's counsel's billing is excessive and orders a 33.33% across-the-board reduction of the $92,051.50 billed in order to make the claimed hours reasonable. With that reduction, Plaintiff's counsel is entitled to a fee and cost award of

---

[1] "Attorneys' fees may not be awarded … for services performed subsequent to the time of a written offer of settlement to a parent if… the relief finally obtained by the parents is not more favorable to the parents than the offer of settlement."

10

$61,367.67. One reason to necessitate the reduction is the underlying due process actions were minimally contested. The first due process action was roughly three and a half hours, and the DOE attorney did not present a case or submit evidence. See St. George Decl., at 3. The second due process action was roughly twenty-four minutes and DOE conceded denial of FAPE for one school year and declined to present a case for the following year. Id., at 4-5. Another reason is the numerous problematic 0.1 billing entries for tasks such as receiving and saving of ECF notifications, an abusive billing practice justifying the reduction. C.D. v. Minisink Valley Cent. Sch. Dist., No. 17 CIV. 7632 (PAE), 2018 WL 3769972, at *8 (S.D.N.Y. Aug. 9, 2018) ("[S]uch a practice can improperly inflate the number of hours billed beyond what is appropriate."); See Dkt. No. 19, Ex. 1-3. Lastly, the boilerplate nature of the filings in the instant case, such as the complaint and declarations, also necessitate a reduction. See Moraru Decl., at 2-5. Plaintiff's counsel is therefore entitled to the following.

| Action | Hours | Requested Total | Reduction | Final Total |
|---|---|---|---|---|
| First Due Process Action | 97.1 | $40.625.50 | %33.33 | $27,085.02 |
| Second Due Process Action | 69.1 | $28, 969.00 | %33.33 | $19,313.63 |
| Federal Action | 54.8 | $22,457.00 | %33.33 | $14,972.08 |
| **TOTAL** | **221** | **$92,051.50** | | **$61,370.73** |

## CONCLUSION

Plaintiffs' counsel's motion for attorneys' fees and costs is granted, but for the reasons stated, in an amount bellow that sought. Plaintiff's counsel is awarded a

11

total of $61,370.73. The Clerk of Court is respectfully directed to terminate Dkt. No. 17.

    SO ORDERED.

DATED:    New York, New York
             December 9, 2024

                                                      _____
                                                      JENNIFER E. WILLIS
                                                      United   States   Magistrate   Judge