UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J.M., Individually and on Behalf of L.M., a Minor,

                      Plaintiffs,

       -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                      Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/6/2025

23-CV-10002 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

On November 13, 2023, Plaintiff J.M., individually and on behalf of L.M., a minor child, brought this action pursuant to the fee-shifting provision of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(i)(3), seeking an award of attorney's fees and costs. Before the Court is the Report and Recommendation (Dkt. No. 36, the "R&R") of the Honorable Jennifer E. Willis, which recommends granting Plaintiffs' motion for attorney's fees and costs in the reduced amount of $61,370.73. On December 23, 2024, Defendant filed objections to the R&R, (Dkt. No. 39, "Objections" or "Obj."), to which Plaintiffs filed a response on January 8, 2025 (Dkt. No. 41, "Obj. Resp.").

For the reasons stated herein, the Court shall ADOPT THE R&R IN FULL, with the modification that Plaintiffs shall be awarded an additional $402.00 to account for the filing fee of this action. Accordingly, Plaintiffs shall be awarded a total of **$61,772.73**, including $61,370.73 in attorney's fees and $402.00 in costs.

1

## FACTS & PROCEDURAL BACKGROUND[1]

This decision assumes familiarity with the factual background and procedural history, which are summarized in the R&R. The facts relevant to Defendant's Objections are below.

It is undisputed that Plaintiffs are the "prevailing party" within the meaning of the IDEA, 20 U.S.C. § 1415(i)(3)(B)(i)(I), and are entitled to reasonable attorney's fees. R&R at 2. In two separate administrative due process proceedings before Impartial Hearing Officers, Plaintiffs were awarded (i) funding for tuition and transportation for the 2018-19 and 2019-20 school years, and (ii) funding and reimbursement for tuition, transportation, and related services for the 2020-21 and 2021-22 school years. *See* Dkt. Nos. 19-8 & 19-18.

On November 13, 2023, Plaintiffs initiated this action for an award of attorney's fees and related costs under the fee-shifting provision of the IDEA, 20 U.S.C. § 1415(i)(3). *See* Dkt. No. 1. On March 12, 2024, Defendant made a written settlement offer of $37,500.00, which Plaintiff rejected. R&R at 10. On August 8, 2024, Plaintiffs moved for summary judgment, seeking an award of $84,751.50 in attorney's fees and costs. *See* Dkt. No. 17.[2] On September 10, 2024, Defendant filed its opposition, *see* Dkt. No. 26 ("Opp."), and on October 1, 2024, Plaintiffs filed their reply. *See* Dkt. No. 32.

On December 9, 2024, Judge Willis issued the R&R, recommending a reduced award of $61,370.73.[3] *See* R&R at 11–12. Judge Willis found that the hourly rates requested by

---

[1] Citations to the R&R shall incorporate by reference the documents cited therein.

[2] The parties jointly proposed to resolve this action through dispositive motion practice, specifically summary judgment practice, as is common for actions solely seeking an award of attorney's fees and costs under the IDEA's fee-shifting provision. *See* Dkt. No. 12; *see, e.g., Phillips v. Aviles-Ramos*, No. 23-CV-02140 (JPC) (JW), 2025 WL 934342 (S.D.N.Y. Mar. 27, 2025); *M.H. v. N.Y.C. Dep't of Educ.*, No. 23-CV-06714 (DEH) (SDA), 2024 WL 5715891 (S.D.N.Y. July 18, 2024).

[3] On December 11, 2024, Judge Willis directed the parties to treat Dkt. No. 36, which was stylized as an "Order" granting Plaintiffs' application for attorney's fees and costs, as a Report and Recommendation. *See* Dkt. No. 38.

2

Plaintiffs' counsel for the attorneys and paralegals at the Law Offices of Irina Roller, PLLC ("LOIR") were reasonable, and recommended the following hourly rates: (i) $550 for Irina Roller and Benjamin Hinerfeld; (ii) $500 for Jill Hornig; (iii) $325 for Edward C. Perkins; (iv) $200 for Gaitree Bhoge, Maria Mandilas, and Nancy L. Powell; (v) $185 for Dianne Ho; (vi) $150 for Dionna Goldstein; and (vii) $125 for Anna Castro. *See id.* at 4–8.

On December 23, 2024, Defendant filed its Objections, primarily objecting to the R&R's hourly rates recommendation, arguing that any award to LOIR should be limited to work done before March 12, 2024, the date of Defendant's written settlement offer, and seeking a further reduced award to Plaintiffs of $33,311.58. *See* Obj. at 6. Defendant argues that the R&R's hourly rates recommendation (1) failed to consider other similar IDEA attorney's fees decisions, which applied lower hourly rates; (2) improperly applied then-current 2024 hourly rates instead of historic 2021 hourly rates; (3) failed to reflect the "minimal complexity . . . and copy-and-paste quality of work presented combined with the poor arguments made therein" by LOIR; and (4) improperly relied on declarations by non-LOIR attorneys. *See id.* at 2–5. On January 8, 2025, Plaintiffs filed their response to Defendant's Objections.[4] *See* Obj. Resp.

## DISCUSSION

### I.   LEGAL STANDARD

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court "may adopt those portions of the report to which no 'specific, written objection' is made, as long

---

[4] On January 9, 2025, Defendant moved to strike Plaintiffs' response as untimely. *See* Dkt. No. 44. The Court denied Defendant's motion to strike, based on the representations made by Plaintiffs' counsel regarding an erroneous calculation of the deadline for their response under Rule 72(b)(2) of the Federal Rules of Civil Procedure. *See* Dkt. No. 46.

as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Adams v. New York State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012) (quoting Fed. R. Civ. P. 72(b)), *aff'd sub nom. Hochstadt v. New York State Educ. Dep't*, 547 F. App'x 9 (2d Cir. 2013) (summary order). A district court need only satisfy itself that "no clear error [is apparent] on the face of the record." *See, e.g., Candelaria v. Saul*, No. 18-CV-11261 (JMF), 2020 WL 996441, at *1 (S.D.N.Y. Mar. 2, 2020).

A district court must conduct a *de novo* review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge. *See* 28 U.S.C. § 636(b)(1); *United States v. Romano*, 794 F.3d 317, 340 (2d Cir. 2015). "When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report strictly for clear error." *Espada v. Lee*, No. 13-CV-08408 (LGS), 2016 WL 6810858, at *2 (S.D.N.Y. Nov. 16, 2016) (internal references omitted).

## II.   THE R&R DID NOT CLEARLY ERR IN DETERMINING THE REASONABLE HOURLY RATES

Under the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability," based on "rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. §§ 1415(i)(3)(B)–(C). To calculate a "presumptively reasonable fee," a district court first determines the appropriate billable hours expended and sets a "reasonable hourly rate." *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019). "Such fees must be reasonable and based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." *S.J. v. N.Y.C. Dep't of Educ.*, No. 21-240-cv, 2022 WL 1409578, at *1 (2d Cir. May 4, 2022) (internal references omitted). In determining an appropriate hourly rate, a court should consider, "all pertinent factors, including

the Johnson factors." *Lilly*, 934 F.3d at 230 (discussing *Johnson v. Ga. Hwy. Express Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by, Blanchard v. Bergeron*, 489 U.S. 87, 109 (1989)). These factors are:

> (1) The time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 228.

"A district court need not recite and make separate findings as to all twelve *Johnson* factors, provided that it takes each into account in setting the attorneys' fee award." *A.G. v. N.Y.C. Dep't of Educ.*, No. 20-CV-07577 (LJL), 2021 WL 4896227, at *4 (S.D.N.Y. Oct. 19, 2021) (internal references omitted). In making this determination, a court should step "into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively." *O.R. v. N.Y.C. Dep't of Educ.*, 340 F. Supp. 3d 357, 364 (S.D.N.Y. 2018) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 184 (2d Cir. 2008)). However, "trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection." *C.B. v. N.Y.C. Dep't of Educ.*, No. 18-CV-07337 (CM), 2019 WL 3162177, at *5 (S.D.N.Y. July 2, 2019) (quoting *Fox v. Vice*, 563 U.S. 826, 838 (2011)). "[A] district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application." *M.D. v. N.Y.C. Dep't of Educ.*, No. 17-CV-02417 (JMF), 2018 WL 4386086, at *4 (S.D.N.Y. Sept. 14, 2018) (quoting *McDonald ex*

*rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006)).

As a threshold matter, in its Objections, Defendant simply reiterates the original arguments made in its opposition to Plaintiffs' motion for summary judgment, which were largely rejected by Judge Willis. Accordingly, the Court will only review the portions of the R&R at issue for clear error and will take each of Defendant's arguments in turn. *See Espada*, 2016 WL 6810858, at *2.

*First*, Defendant contended in its Objections that lower hourly rates should be assigned in light of "dozens of IDEA fee decisions in this [D]istrict that assign lower hourly rates to attorneys of similar experience." Obj. at 2. The R&R specifically considered and rejected that contention when it was raised in Defendant's opposition to Plaintiffs' motion for summary judgment. *See* R&R at 5–6; Opp. at 8–9 ("There is nothing unique or nuanced about the two simple administrative proceedings at issue here that would warrant rates higher than those assigned in recent fee decisions.").

Defendant's reference in its Objections to a more recent IDEA fee decision in *M.N. v. New York City Department of Education*, *see* Obj. at 2, ignores the inherently fact-intensive assessment of the reasonableness of counsel's requested hourly rates, and similarly misapprehends the precedential nature of other IDEA fee decisions in this District. While recent IDEA fee decisions may shed light on what the prevailing market rates are or may be relevant to the *Johnson* factors, "[p]rior determinations, even for the same attorneys, are not binding, and [Defendant] offer[s] no compelling reason why the Court must adopt the same rates." *S.S.(1) v. N.Y.C. Dep't of Educ.*, No. 23-CV-08913 (MMG), 2025 WL 720512, at *4 (S.D.N.Y. Mar. 6, 2025) (internal references omitted) (quoting *M.D. v. N.Y.C. Dep't of Educ.*, No. 21-CV-09180

6

(LGS), 2023 WL 2557408, at *5 (S.D.N.Y. Mar. 17, 2023)); *see also H.C. v. N.Y.C. Dep't of Educ.*, 71 F.4th 120, 125 (2d Cir. 2023) ("Fee disputes essentially are factual matters, and . . . the essential goal of fee shifting is to do rough justice, not to achieve auditing perfection.") (internal references omitted); *K.K. v. N.Y.C Dep't of Educ.*, No. 23-CV-04430 (JMF) (VF), 2024 WL 4203783, at *5 (S.D.N.Y. Aug. 22, 2024) ("The Second Circuit has observed that 'recycling rates awarded in prior cases without considering whether they continue to prevail may create disparity between compensation available under [the applicable statute] and compensation available in the marketplace,' which would 'undermine [the statute's] central purpose of attracting competent counsel to public interest litigation.'") (quoting *Farbotko v. Clinton Cnty.*, 433 F.3d 204, 209 (2d Cir. 2005)), *report and recommendation adopted*, 2024 WL 4203251 (S.D.N.Y. Sept. 16, 2024).

*Second*, and similarly, the R&R considered and rejected Defendant's arguments in its opposition that historic 2021 hourly rates should apply. *See* R&R at 5; Opp. at 9. Defendant has not pointed to any controlling law that indicates it was clear error for the R&R to apply then-current 2024 hourly rates, even in light of Defendant's arguments that LOIR's purported delay in providing its billing records was somehow prejudicial. *See* Opp. at 6–7. Defendant's argument is contrary to well-settled law in this Circuit that, in determining the "lodestar" for a reasonable fee, courts should use prevailing market rates and current rates, as opposed to historical rates, in order to compensate for delay in payment. *See LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998); *see also H.C.*, 71 F.4th at 128.

*Third*, the R&R accounted for the relative complexity of the work undertaken by LOIR in its determination of the number of hours reasonably spent. *See* R&R at 7–11. Specifically, the R&R recommended applying a 33.33% across-the-board reduction to the total amount billed by

7

LOIR to account for the fact that "the underlying due process actions were minimally contested" and "the boilerplate nature of the filings in the instant [federal] case, such as the complaint and declarations[.]" *See id.* at 11. Thus, the total award recommended by the R&R did in fact reflect the "minimal complexity . . . and copy-and-paste quality of work presented combined with the poor arguments made therein" by LOIR. *See* Obj. at 4. Defendant has not pointed to any controlling law that indicates (1) it is entitled to both a percentage reduction of the total award and a finding that Plaintiffs' requested hourly rates were unreasonable; (2) that it was clear error for the R&R to take into account the overall nature of the administrative and federal proceedings in its determination of the reasonableness of the number of hours expended, as opposed to the reasonableness of the LOIR attorneys and paralegals' hourly rates; or (3) that it was clear error for the R&R to apply the same hourly rate to both the work done in the administrative proceedings and the instant federal proceedings. *See H.C.*, 71 F.4th at 126 (holding courts "ha[ve] discretion simply to deduct a reasonable percentage of the number of hours claimed as a practical means of trimming fat from a fee application") (quoting *Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022)); *see also* Obj. Resp. at 9–10 (collecting cases applying the same hourly rate for both administrative and federal proceedings).

*Fourth*, the Court finds that the R&R's reliance on declarations by non-LOIR attorneys and LOIR clients was not clear error. *See* Opp. at 10–11; Obj. at 4–5. Defendant does not point to any controlling law that bars this Court, as a matter of law, from relying on such declarations, to whatever extent they are illuminating, in determining the reasonableness of the hourly rates. *See F.N. v. N.Y.C. Dep't of Educ.*, No. 21-CV-11177 (MKV), 2024 WL 1348637, at *7 (S.D.N.Y. Mar. 29, 2024) ("Assuming that there are at least two such clients [paying a particular rate], this declaration provides evidence only that there are some individuals who have paid this

hourly rate.") (quoting *E.W. v. N.Y.C. Dep't of Educ.*, No. 21-CV-11208 (VEC) (GWG), 2023 WL 3138022, at *5 (S.D.N.Y. Apr. 28, 2023)); *M.H. v. N.Y.C. Dep't of Educ.*, No. 20-CV-01923 (LJL), 2021 WL 4804031, at *11 (S.D.N.Y. Oct. 13, 2021) ("The declaration by another attorney in the IDEA area also is of some, albeit limited, value. Accepting the claims in the declaration as true because they are undisputed, at most they show the rates that one attorney believes are reasonable."). To that end, Defendant's specific arguments regarding the declarations of Alexander Gendzier and Yesenia Ortiz-Umar primarily go to a difference in opinion as to the weight the R&R could have accorded these declarations. *See* Obj. at 5; Obj. Resp. at 12–16. Regardless of this difference in opinion, the R&R did not solely or exclusively rely on these declarations in determining that the hourly rates requested by Plaintiffs were reasonable—the R&R also relied on other recent, similar IDEA fee decisions in support of its finding that the hourly rates requested by Plaintiffs were consistent with prevailing market rates. *See* R&R at 6–7; *H.C.*, 71 F.4th at 126 (finding no abuse of discretion where a district court looked to recent cases from the Southern District of New York to determining the prevailing market rate).

Accordingly, and in sum, the Court finds that the R&R did not clearly err in finding the hourly rates requested by Plaintiffs were reasonable, and the Court shall adopt Judge Willis' reasoning in full and apply the hourly rates recommended in the R&R.

### III. THE R&R DID NOT CLEARLY ERR IN DETERMINING THE HOURS REASONABLY EXPENDED

Neither Plaintiffs nor Defendant object to the R&R's recommendation to reduce the total hours billed by applying a 33.33% across-the-board reduction in order to make the claimed hours reasonable. *See* R&R at 10; Obj. Resp. at 2. Accordingly, the Court shall adopt in full the R&R's recommendation and Judge Willis' reasoning and assessment of the hours billed by Plaintiffs' counsel, given that the Court finds no clear error on the face of the record. *See*

Advisory Comm. Notes to Fed. R. Civ. P. 72(b) ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

IV. **THE FILING FEE SHALL BE INCLUDED IN THE TOTAL AWARD**

Both Plaintiffs and Defendant agree that Judge Willis erred in not including the $402.00 filing fee within the attorney's fees to be awarded. *See* Obj. at 7; Obj. Resp. at 17. The Court agrees and shall modify the total award recommended by the R&R to include the $402.00 filing fee. *See, e.g., F.R. v. N.Y.C. Dep't of Educ.*, No. 22-CV-01776 (VEC) (GWG), 2023 WL 4991118, at *12 (S.D.N.Y. Aug. 4, 2023), *report and recommendation adopted*, 2023 WL 5950686 (S.D.N.Y. Sept. 13, 2023); *S.F. v. N.Y.C. Dep't of Educ.*, No. 21-CV-11147 (PAE), 2023 WL 4531187, at *12 (S.D.N.Y. July 13, 2023); *see generally* 20 U.S.C. § 1415(i)(3)(B)(i)(I) (allowing a district court to award reasonable costs to the prevailing party in IDEA cases.).

V. **THE R&R DID NOT CLEARLY ERR IN FINDING THE FEE CAP IS NOT APPLICABLE**

In its Objections, Defendant renewed its argument that the award should be limited to work before March 12, 2024, the date of its written settlement offer. Obj. at 6. The IDEA does not allow a plaintiff to recover attorney's fees for services performed after a written offer of settlement under certain conditions, as set forth in 20 U.S.C. § 1415(i)(3)(D)(i). The R&R squarely addressed Defendant's argument and found that the fee cap was not applicable because the relief Plaintiffs obtained was more favorable than Defendant's settlement offer. R&R at 10. The Court agrees with the R&R's finding and reasoning. Accordingly, given no clear error on the face of the record, the Court shall adopt in full Judge Willis' reasoning in the R&R, and finds that the fee cap under 20 U.S.C. § 1415(i)(3)(D)(i) is not applicable.

## CONCLUSION

For the foregoing reasons, the Court OVERRULES Defendant's objections to the R&R and ADOPTS THE R&R IN FULL with the modification that Plaintiffs shall be awarded an additional $402.00 to account for the filing fee of this action. Accordingly, Plaintiffs shall be awarded a total of **$61,772.73**, including $61,370.73 in attorney's fees and $402.00 in costs. The Clerk of Court is respectfully directed to enter judgment in favor of Plaintiffs accordingly and to CLOSE this case.

Dated: August 6, 2025
       New York, New York

SO ORDERED.

_____
MARGARET M. GARNETT
United States District Judge